LOANZON SHEIKH LLC
112 Madison Avenue, 5th Floor
New York, NY 10016
(212) 760-1515
By: Umar A. Sheikh, Esq. (US5497)

*Attorneys for Plaintiff*
*Eva Choina*

SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EVA CHOINA,<br><br>                              Plaintiff,<br><br>-against-<br><br>MICHAEL F. ALBANESE and MICHAEL F. ALBANESE d/b/a COST REDUCTION SOLUTIONS,<br><br>                            Defendants. | Civil Action No.: 12-cv-<br><br>**COMPLAINT**<br><br>BRODIE, J.<br><br>J. ORENSTEIN, M.J. |

Plaintiff, Eva Choina ("Plaintiff" and/or "Choina"), by its attorneys, Loanzon Sheikh LLC, as and for her complaint against Michael F. Albanese ("Albanese") and Michael F. Albanese d/b/a Cost Reduction Solutions ("CRS" and together with Albanese, the "Defendants"), respectfully alleges as follows:

### NATURE OF THE ACTION

This is an action to recover damages sustained as a result of negligently prepared tax returns and negligently provided tax payment advice. Specifically, the Defendants prepared the Plaintiff's tax returns in 2005 and 2006 and knew that the Plaintiff resides in the State of New York and was employed in the State of New Jersey. Based on those tax returns and the

instructions provided by the Defendants, the Plaintiff paid the State of New York approximately $77,404.00 for tax liabilities for those years. In 2010, the Plaintiff was contacted by the State of New Jersey and assessed tax, interest and penalties in the amount of approximately $112,000.00 for the amounts that the Plaintiff already paid to New York State plus approximately $58,000.00 in interest and penalties based on the fact that the income derived for 2005 and 2006 was earned in New Jersey and therefore the tax liability should have been paid to New Jersey, not New York.

As a result of being notified about the Defendants' negligence in 2010, the statute of limitations on the Plaintiff's time to amend returns had run out and the Plaintiff was unable to even file amended returns that would have otherwise permitted her to recover the tax improperly paid to New York.

In addition to the above, the tax return for 2006 failed to appropriately report the Plaintiff's income, resulting in a further assessment of approximately $90,000.00, with resulting penalties and interest of approximately $23,000.00.

As a result of all of the foregoing, the Plaintiff is entitled to damages as result of the Defendants' negligence in an amount exceeding $108,000.00, plus interest that continues to accrue, and such other costs and fees as to this Court seems just, proper and equitable.

### THE PARTIES

1. Plaintiff Eva Choina is a natural person with address of 140 Alverson Avenue, Staten Island, NY 10309.

2. Defendant Albanese is a natural person and, upon information and belief, resides in and maintains a place of business at 18 Lisa Court, Parsippany, NJ 07054.

3. Defendant CRS maintains a place of business at 18 Lisa Court, Parsippany, NJ 07054.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

5. The Defendants are subject to jurisdiction in New York as they regularly solicit business in New York, regularly perform work in New York, and with respect to the facts of this action, held themselves out to be competent concerning the preparation of tax returns for the State of New York, and prepared tax returns to be filed with the taxing authority of the State of New York.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

## THE FACTS

7. During the years 2005 through 2007, the Defendants, at the specific request of the Plaintiff, prepared tax returns for the Plaintiff and various entities that the Plaintiff owned interests in.

8. Specifically, the Defendants prepared the Plaintiff's tax returns for tax years 2005 and 2006.

9. The Defendants prepared such returns and provided the same to the Plaintiff with instructions for the same to be signed and filed with the State of New York.

10. The Defendants further provided the Plaintiff with instructions to pay taxes due to the State of New York.

11. The Plaintiff, relying upon the advice and expertise of the Defendants, followed the Defendants' instructions, and signed the tax returns, and paid the amounts directed to the State of New York.

12. In 2010, the Plaintiff was notified by the State of New Jersey of a deficiency in the payment of State Income Taxes.

13. After investigation, it was determined that the tax amounts that the Defendants had instructed the Plaintiff to pay to the State of New York for tax years 2005 and 2006 should have been paid to the State of New Jersey because the income was earned in the State of New Jersey, not the Plaintiff's state of residence of New York.

14. As a result of the failure to pay such amounts to the State of New Jersey, the State of New Jersey demanded payment of taxes, penalties and interest in the approximate amount of $112,000.00.

15. At the time the Plaintiff learned of the foregoing determination from the State of New Jersey, she was unable to file amended returns that would have permitted her to receive credits for the taxes improperly paid.

16. As a result, despite the fact that the Plaintiff paid the taxes owed to the State of New York, she is now required to pay the taxes again to the State of New Jersey, without receiving any corresponding credit from the State of New York for such taxes.

17. In addition, interest and penalties continue to accrue, causing further damages to the Plaintiff.

18. Further, despite the fact that the Plaintiff advised the Defendants of all sources of income, the State of New Jersey determined that the Plaintiff's income was not fully reported, resulting in an additional assessment against the Plaintiff in the approximate sum of $90,000.00 plus interest and penalties in the approximate amount of $23,000.00.

19. As a result of the foregoing, the Plaintiff has suffered damages.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS FOR NEGLIGENCE

20. Plaintiff repeats the allegations contained within paragraphs 1 – 19 of the Complaint as if fully set forth herein.

21. The Defendants had a duty and a professional obligation to properly and adequately prepare the Plaintiff's tax returns for the subject tax years.

22. The Defendants had a duty and a professional obligation to properly and adequately advice the Plaintiff concerning her tax liabilities for the subject tax years.

23. The Defendants had a duty and a professional obligation to properly and adequately instruct the Plaintiff as to where to send tax payments that were due.

24. Specifically, the Defendant breached their various duties to the Plaintiff by: (i) failing to properly prepare her tax returns for the subject tax years, including by failing to include all of the Plaintiff's income for such tax years; and (ii) improperly instructing the Plaintiff to pay the State of New York taxes that were due to the State of New Jersey.

25. As a direct and proximate result of Defendants' breach of their duties to the Plaintiff, the Plaintiff has suffered damages and continues to suffer damages.

26. The damages to Plaintiff are continuing in nature as interest and penalties continue to accrue.

27. By reason of the foregoing, Plaintiff has been damaged and demands judgment against Defendants in the minimum sum of One Hundred Thirty-Five Thousand ($135,000.00) Dollars, along with interest, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS FOR BREACH OF CONTRACT

28. Plaintiff repeats the allegations contained within paragraphs 1 – 27 of the Complaint as if fully set forth herein.

29. The Plaintiff and the Defendants entered into a contract through which the Defendants agreed to prepare the Plaintiff's tax returns for the subject tax years.

30. The Plaintiff properly supplied the Defendants with all information necessary for the Defendants to prepare such tax returns and paid the Defendants all amounts due for the services rendered.

31. The Defendants breached the contract by failing to properly prepare the returns and improperly directing the Plaintiff to pay taxes that were due to the State of New Jersey to the State of New York.

32. As a result of the Defendants' breach of the contract, the Plaintiff has and continues to suffer damages.

33. By reason of the foregoing, Plaintiff has been damaged and demands judgment against Defendants in the minimum sum of One Hundred Thirty-Five Thousand ($135,000.00) Dollars, along with interest, costs and disbursements of this action.

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor and against the Defendants, Michael F. Albanese and Michael F. Albanese d/b/a Cost Reduction Solutions, as follows:

    a.    On the First Cause of Action for negligence in the minimum amount of $135,000.00, the exact amount to be proven at the trial of this action;

    b.    On the Second Cause of Action for breach of contract in the minimum amount of $135,000.00, the exact amount to be proven at the trial of this action;

together with pre-judgment interest from date of such improper tax payments made by the Plaintiff, the costs, disbursements and reasonable attorneys' fees of this action, and for such other and further relief as to this Court seems just, proper and equitable.

DATED:    June 19, 2012  
                New York, NY

LOANZON SHEIKH LLC

_____  
Umar A. Sheikh, Esq. (US5497)  
*Attorneys for Plaintiff*  
*Eva Choina*

112 Madison Avenue, 5th Floor  
New York, NY 10016  
(212) 760-1515