UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

EVA CHOINA,

                        Plaintiff,

             v.

MICHAEL F. ALBANESE and MICHAEL F.
ALBANESE d/b/a COST REDUCTION
SOLUTIONS,

                        Defendants.

**MEMORANDUM & ORDER**
12-CV-3241 (MKB)

----------------------------------------------------------------x

MARGO K. BRODIE, United States District Judge:

      In the above-captioned diversity action, Plaintiff Eva Choina seeks to recover damages from Defendants Michael Albanese and Michael Albanese d/b/a Cost Reduction Solutions for losses allegedly sustained as a result of negligently prepared tax returns and negligently provided tax payment advice. Defendants moved to dismiss the Complaint as time barred. Plaintiff seeks leave to amend the Complaint to add a claim for fraud. The Court heard argument on March 6, 2013. For the reasons set forth below, Defendants' motion to dismiss the Complaint is granted, and Plaintiff's motion for leave to amend the Complaint is denied.

    **I. Background**

      In 2005 and 2006, Plaintiff lived in New York and worked in New Jersey. (Compl. ¶ 13.)[1] Plaintiff hired Defendants to prepare her tax returns for 2005 and 2006. *Id.* at ¶¶ 7–8. Defendant Albanese prepared and delivered Plaintiff's 2005 and 2006 tax returns in October of 2006 and October of 2007, respectively. (Prop. Am. Compl. ¶¶ 9–10.) When Defendant

---

[1] The facts alleged by Plaintiff are assumed to be true for the purposes of these motions.

Albanese provided the tax returns to Plaintiff, he provided instructions that Plaintiff should file her returns in New York. *Id.* at ¶ 11. Plaintiff filed her tax returns in New York as instructed. (Compl. ¶¶ 9–11.)

In 2010, the State of New Jersey notified Plaintiff that her taxes for 2005 and 2006 should have been paid in New Jersey, where the money was earned, rather than in New York, where she lived. *Id.* at ¶¶ 12–13. New Jersey demanded approximately $112,000 in taxes, penalties, and interest; $90,000 in additional assessments for failure to fully report her income; and $23,000 in interest and penalties for this failure. *Id.* at ¶¶ 14, 18. Because Plaintiff did not learn until 2010 that her 2005 and 2006 taxes were improperly paid, she was not able to amend her tax returns in order to receive credits for the amount paid in New York. *Id.* at ¶ 15; *see* N.Y. Tax. Law § 687 ("Claim for credit or refund of an overpayment of income tax shall be filed by the taxpayer within . . . three years from the time the return was filed."). Plaintiff filed the instant action on June 28, 2012, alleging negligence and breach of contract.[2] (Compl. ¶¶ 24, 31.)

## II. Defendants' Motion to Dismiss

### a. Standard of Review

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must "accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Connecticut v. Am. Elec. Power Co.*, 582 F.3d 309, 320 (2d Cir. 2009)). A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads

---

[2] In response to Defendants' motion to dismiss, Plaintiff withdrew her breach of contract claim. (Pl.'s Opp'n 6 n.4.)

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson*, 631 F.3d at 63 (quoting *Iqbal*, 556 U.S. at 678). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### b. Statute of Limitations

Under New York law, a claim for accounting malpractice must be filed within three years of the date of accrual. N.Y. C.P.L.R. § 214(6); *see also Arnold v. KPMG LLP*, 334 F. App'x 349, 351 (2d Cir. 2009). "A claim accrues when the malpractice is committed, not when the client discovers it." *Arnold*, 334 F. App'x at 351 (quoting *Williamson v. PricewaterhouseCoopers LLP*, 9 N.Y.3d 1, 7–8 (2007)). The New York Court of Appeals has held that a claim for negligent preparation of tax returns "accrues upon the client's receipt of the accountant's work product since this is the point that a client reasonably relies on the accountant's skill and advice and, as a consequence of such reliance, can become liable for tax deficiencies." *Ackerman v. Price Waterhouse*, 84 N.Y.2d 535, 541 (1994); *see also Arnold*, 334 F. App'x at 351 (quoting same in dismissing malpractice claims against accounting firm); *Perkins v. Am. Transit Ins. Co.*, No. 10 Civ. 5655, 2013 WL 174426, at *12 (S.D.N.Y. Jan. 15, 2013) ("[A]ccrual is not delayed until the damages develop or become quantifiable or certain." (citation omitted)).

Plaintiff's negligence claim accrued, at the latest, in October of 2007, when Plaintiff received her 2006 tax return.[3] (Compl. ¶ 7.) The statute of limitations, therefore, expired in

---

[3] Though the Complaint does not specify when in 2007 Defendants prepared Plaintiff's tax return, the Proposed Amended Complaint states that Defendants prepared and delivered Plaintiff's 2006 tax return in October of 2007. (Prop. Am. Compl. ¶¶ 9–10.)

3

October of 2010.  This action was not filed until June 28, 2012, more than a year and several months after the statute of limitations expired.  Thus, Plaintiff's claim for negligent accounting is barred by the statute of limitations.[4]  Defendants' motion to dismiss the Complaint is granted.

### III. Plaintiff's Motion for Leave to Amend the Complaint

Plaintiff seeks leave to amend the Complaint to add a claim for fraud.  (Pl.'s Opp'n 2.) Defendants argue that Plaintiff's motion should be denied on the basis of undue delay, prejudice, and futility.  (Defs.' Reply 7–8.)

#### a. Standard of Review

The Federal Rules of Civil Procedure provide that courts "should freely give leave" to amend a complaint "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Second Circuit has stated that "[t]his permissive standard is consistent with our strong preference for resolving disputes on the merits."  *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011) (citation omitted).  It is "within the sound discretion of the district court to grant or deny leave to amend."  *Green v. Mattingly*, 585 F.3d 97, 104 (2d Cir. 2009) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)); *MHANY Mgmt. Inc. v. County of Nassau*, 843 F. Supp. 2d 287, 340 (E.D.N.Y. 2012).  Despite this permissive standard, motions to amend "should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to

---

[4] Plaintiff argues that the malpractice claim did not accrue until she sustained damages as a result of New Jersey's assessment of tax deficiencies in 2010.  (Pl.'s Opp'n 5–6.)  This argument has been rejected by the New York Court of Appeals.  *See Ackerman*, 84 N.Y.2d at 541–42 ("We reject plaintiffs' proposition on this appeal that a Statute of Limitations can only accrue in a malpractice action against an accountant when the IRS assesses a deficiency, a date that necessarily varies depending on the type of deficiency notice received by the taxpayer.").

4

the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008).

### b. Analysis

#### i. Prejudice and Delay

In evaluating prejudice, courts "generally consider whether the assertion of the new claim or defense would '(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.'" *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)). Defendants contend that Plaintiff unduly delayed in bringing the fraud claim, causing them extreme prejudice. (Defs.' Reply 6–7.) Defendants concede, however, that Plaintiff moved to amend the Complaint only five days after the time to amend as of right expired. *Id.* at 5. In addition, no discovery has occurred, and Defendants have not identified any significant prejudice that they have experienced or would experience as a result of Plaintiff's delay in moving to amend. Given the similarity of the fraud and negligence claims, the limited delay, and the procedural posture of the case, it is unlikely that granting leave to amend would require Defendants to expend significant additional resources or cause a significant delay in the resolution of the dispute. *See Allstate Ins. Co. v. Elzanaty*, No. 11 Civ. 3862, 2013 WL 65986, at *24–25 (E.D.N.Y. Jan. 7, 2013) (granting leave to amend where a case was "still in the early stages of litigation, as discovery has not been completed by any party," and where the defendants would "have sufficient time and opportunity to defend against any additional allegations").

5

### ii. Futility

"Leave to amend may properly be denied if the amendment would be futile, as when the proposed new pleading fails to state a claim on which relief can be granted." *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012) (citations omitted), *cert. denied*, 133 S. Ct. 846 (2013). Under New York law, in order to state a claim for fraud, the plaintiff must allege: "(1) defendant made a representation as to a material fact; (2) such representation was false; (3) defendant[] intended to deceive plaintiff; (4) plaintiff believed and justifiably relied upon the statement and was induced by it to engage in a certain course of conduct; and (5) as a result of such reliance plaintiff sustained pecuniary loss[.]" *Stephenson v. PricewaterhouseCoopers, LLP*, 482 F. App'x 618, 622 (2d Cir. 2012) (quoting *Ross v. Louise Wise Servs., Inc.*, 8 N.Y.3d 478, 488 (2007)). Under New York law, gross negligence can permit an inference of fraud:

> A refusal to see the obvious, a failure to investigate the doubtful, if sufficiently gross, may furnish evidence leading to an inference of fraud so as to impose liability for losses suffered by those who rely on the balance sheet. In other words, heedlessness and reckless disregard of consequence may take the place of deliberate intention.

*In re Allou Distribs., Inc.*, 395 B.R. 246, 259 (Bankr. E.D.N.Y. 2008) (quoting *State Street Trust Co. v. Ernst*, 278 N.Y. 104, 112 (1938)).

However, where a claim of fraud is made in connection with malpractice, the fraud claim is "sustainable only to the extent that it is premised upon one or more affirmative, intentional misrepresentations — that is, something more egregious than mere concealment or failure to disclose one's own malpractice." *MIG, Inc. v. Paul, Weiss, Rifkind, Wharton & Garrison, L.L.P.*, 701 F. Supp. 2d 518, 533 (S.D.N.Y. 2010) (quoting *White of Lake George Inc. v. Bell*, 674 N.Y.S.2d 162, 163 (App. Div. 1998)), *aff'd*, 410 F. App'x 408 (2d Cir. 2011); *see also*

*Amadasu v. Ngati*, No. 05 Civ. 2585, 2006 WL 842456, at *10 (E.D.N.Y. Mar. 27, 2006) (dismissing as duplicative a claim for fraud where the plaintiff had not alleged any conduct "distinct" from his malpractice claim); *Lytell v. Lorusso*, 903 N.Y.S.2d 98, 100–01 (App. Div. 2010) (finding a fraud claim adequately pled where the defendant attorney not only failed to represent the plaintiff's interests in a transaction but also knowingly made a false promise to record a life estate agreement and mortgage involved in the transaction); *Mitschele v. Schultz*, 826 N.Y.S.2d 14, 19 (App. Div. 2006) (finding that a fraud claim should not have been dismissed because the defendant accountant misled the plaintiff for her employer's financial benefit, in addition to providing incorrect tax advice).

Moreover, the misrepresentations underlying the fraud claim must "have caused additional damages, separate and distinct from those generated by the alleged malpractice." *Amadasu*, 2006 WL 842456, at *10 (quoting *White of Lake George*, 674 N.Y.S.2d at 163); *see also Kuruwa v. Meyers*, 823 F. Supp. 2d 253, 259 (S.D.N.Y. 2011) ("The complaint does not allege damages resulting from the fraud claim that are in any way distinct from the damages resulting from the malpractice claim. Under New York law, a claim of fraud that duplicates a claim of legal malpractice must be dismissed." (citation omitted)), *aff'd*, 2013 WL 627733 (2d Cir. Feb. 21, 2013); *Abramo v. Teal, Becker & Chiaramonte, CPA's, P.C.*, 713 F. Supp. 2d 96, 108 (N.D.N.Y. 2010) ("[T]he Court's review of the factual allegations underlying these claims and the Plaintiffs' recitation of damages identical to those alleged in the malpractice claim ascertains that dismissal of these [fraud and breach of fiduciary duty] claims is warranted for presenting duplications of Plaintiffs' malpractice action."); *La Brake v. Enzien*, 562 N.Y.S.2d 1009, 1012 (App. Div. 1990) ("Thus, as the damages sustained by virtue of a fraud must be

7

different or additional to those sustained by virtue of any malpractice, and the fraud damages here are the same, plaintiff's fraud claim cannot be maintained." (citations omitted)).

Plaintiff claims that Defendants committed fraud when they directed her to make tax payments to New York in October of 2006 and October of 2007. (Pl. Opp'n 2; Prop. Am. Compl. ¶¶ 9–12.) Plaintiff alleges that Defendants' representation that Plaintiff should pay taxes in New York "was false and known to be false when made." (Pl.'s Opp'n 5.) Plaintiff contends that an accountant "exhibiting even the slightest level of care would have . . . been able to determine that taxes should have been paid to the state where earned, not where the Plaintiff resided," and, therefore, Defendants were grossly negligent. *Id.* Even if the Court assumes that Plaintiff is correct and her allegations rise to the level of gross negligence, her fraud claim would still fail. Plaintiff has not alleged any conduct in support of her fraud claim that is distinct from the conduct alleged in support of her malpractice claim. (Prop. Am. Compl. ¶¶ 32, 37.)[5] Nor has Plaintiff alleged any damages arising from the alleged fraud that are distinct from the damages resulting from Plaintiff's negligence action. *Id.* at ¶¶ 35, 43.[6] Accordingly, the proposed fraud

---

[5] The Proposed Amended Complaint alleges that "Defendants made material representations to the Plaintiff concerning the Plaintiff's tax returns and where to make tax payments to" and that "Defendants knew such representations were false, or based on their knowledge and experience, should have known that such representations were false." (Prop. Am. Compl. ¶¶ 37, 39). The only representations Plaintiff alleges Defendants made were that the tax returns were to be signed and filed with New York and that taxes were to be paid to New York. *Id.* at ¶¶ 11–12. Plaintiff bases her negligence claim on these same representations. *Id.* at ¶¶ 30–32.

[6] At oral argument, Plaintiff claimed that tax recovery was available only through her fraud claim. Plaintiff has not provided the Court with any case law to support this argument. In any event, this claim is without merit. In so far as recovery of taxes is not permitted under New York law, the prohibition exists where recovery would be an impermissible windfall to the plaintiff, *see, e.g.*, *Gaslow v. KPMG LLP*, 797 N.Y.S.2d 472, 473 (App. Div. 2005) ("Reimbursement of his tax liability at this point would reward plaintiff by putting him in a position better than had he not made this choice to begin with." (citations omitted)); *Alpert v. Shea Gould Climenko & Casey*, 559 N.Y.S.2d 312, 315 (App. Div. 1990) ("[I]n the instant case,

claim would not withstand a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Abramo*, 713 F. Supp. 2d at 108 (dismissing fraud claim where the complaint "alleges a single claim of professional negligence on the part of Defendants, while the other claims, on their face, are restated and relabeled iterations of that cause of action"). Plaintiff's motion for leave to amend the Complaint is denied as futile.

## IV. Conclusion

For the reasons set forth above, Defendants' motion to dismiss the Complaint is granted, and Plaintiff's motion for leave to amend the Complaint is denied. The Complaint is dismissed in its entirety, and the Clerk of Court is directed to close this case.

SO ORDERED.

        s/MKB  
MARGO K. BRODIE  
United States District Judge

Dated: March 29, 2013  
      Brooklyn, New York

---

recovery of back taxes would place plaintiffs in a better position than had they never invested in the Logan program."), or where the conduct complained of was not the proximate cause of the tax liability, *see, e.g.*, *Fownes Bros. & Co. v. JPMorgan Chase & Co.*, 939 N.Y.S.2d 367, 368 (App. Div. 2012) ("Plaintiffs' tax liability did not flow naturally from the alleged misrepresentations by defendants, but rather from the taxable event created when plaintiffs switched from one employee benefit plan to another." (citation omitted)). This denial of relief applies with equal force in fraud and negligence actions. *See id.* ("The motion court also properly dismissed plaintiffs' fraud, negligent misrepresentation, unjust enrichment and breach of fiduciary duty claims. Plaintiffs failed to allege any compensable damages."); *Penner v. Hoffberg Oberfest Burger & Berger*, 755 N.Y.S.2d 835, 836 (App. Div. 2003) ("Plaintiff's malpractice claims against defendant accountants for back taxes and interest were properly dismissed, since plaintiff's tax liability was not attributable to an act or omission on defendants' part." (citations omitted)); *Shaiman v. Carpet One of Hamptons, Inc.*, No. 208-08, 2010 WL 2305549, at *8 (N.Y. Dist. Ct. June 9, 2010) ("[I]t has been held in accountant malpractice cases that the Court must decide 'if the tax liability would have been avoided but for the erroneous advice' of the accountant. Where the tax liability was inevitable, the interest paid on the late payment, as well as the back taxes, are not recoverable." (citations omitted)).

9